UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JEFFREY CATO,                )
                             )
              Petitioner,    )      Case No. 1:08-cv-1146
                             )
v.                           )      Honorable Paul L. Maloney
                             )
JOHN PRELESNIK,              )
                             )      **MEMORANDUM OPINION**
              Respondent.    )
_____)

This is a habeas corpus proceeding brought by a state prisoner pursuant to 28 U.S.C. § 2254. Petitioner is serving sentences imposed on October 9, 2002, in the Wayne County Circuit Court after a jury convicted him of second-degree murder, assault with intent to commit armed robbery, possession of a firearm during the commission of a felony, and possession of a firearm by a convicted felon. The Attorney General of the State of Michigan has answered the petition and has submitted the state trial and appellate records. The matter is now before the court on petitioner's motion to stay this action and hold it in abeyance pending further state-court proceedings (docket # 27), petitioner's motion for an evidentiary hearing (docket # 28), and his motion for free copies of unreported cases (docket # 30). For the reasons set forth below, all motions will be denied.

   A.   **Motion for Stay and Abeyance**

Petitioner's motion for a stay of this proceeding is based upon the assertion that he has presented a "mixed petition," that is, a habeas corpus petition that presents both exhausted and

unexhausted claims. *See Rose v. Lundy*, 455 U.S. 509 (1982). In such circumstances, the Supreme Court has recognized the district court's discretion to stay a habeas corpus proceeding "in limited circumstances" for purposes of allowing the petitioner to present his unexhausted claims to the state courts and then return to the federal court for adjudication of all claims. *See Rhines v. Webber*, 544 U.S. 269, 277 (2005).

Review of the state-court record discloses that all petitioner's claims are exhausted and that he has not presented a mixed petition, because he has presented all his claims to every available step of state appellate review. The Wayne County Circuit Court entered judgment on October 9, 2002. Petitioner appealed as of right to the Michigan Court of Appeals, raising two issues: a challenge to the trial court's refusal to suppress petitioner's in-custody statement and a challenge to alleged misinformation in the presentence investigation report. (*See* Court of Appeals record in case no. 246619, docket # 22). By *per curiam* opinion issued June 3, 2004, a panel of the Michigan Court of Appeals rejected petitioner's challenge to the admissibility of his in-custody statement and remanded the matter to the state trial court for the limited purpose of correcting the presentence investigation report, to prevent possible prejudice to petitioner with regard to his chances for parole.

In April 2005, petitioner filed a *pro se* motion for relief from judgment in the Wayne County Circuit Court under Mich. Ct. R. 6.500, raising eight issues. Judge Bruce Morrow issued an opinion on June 1, 2006, denying the motion for relief from judgment, finding that petitioner had failed to demonstrate either good cause or actual prejudice for his failure to raise the issues on direct appeal, as required by Mich. Ct. R. 6.508(D)(3). Petitioner thereafter filed a motion for reconsideration and a motion to amend, which was not adjudicated by the trial court. (*See* Wayne

County Circuit Court docket sheet, docket # 10). Petitioner filed a delayed application for leave to appeal to the Michigan Court of Appeals. His application was accompanied by a motion for remand. His supporting brief specifically called the attention of the Court of Appeals to the undecided motion for reconsideration and to amend, requesting a remand for full consideration of petitioner's new arguments. (*See* Brief in Support of Motion to Remand, found in Michigan Court of Appeals record, case no. 278290, docket # 24). By order entered December 14, 2007, the Court of Appeals denied leave to appeal "for failure to meet the burden of establishing entitlement to relief under MCR 6.508(D)." Petitioner then applied to the state Supreme Court for leave to appeal, again specifically asking for a remand for consideration of the new claims raised in petitioner's post-judgment motion to amend. (Motion to Remand, found in Michigan Supreme Court record, case no. 135750, docket # 25). The state Supreme Court denied leave to appeal by form order entered June 23, 2008.

The habeas corpus petition in the present case contains only claims raised and rejected in the Michigan Court of Appeals and Supreme Court on direct or collateral review. Plaintiff nevertheless asserts that he has presented a mixed petition, because the claims raised in his post-judgment motion for reconsideration and to amend were not adjudicated by the trial court. Petitioner is mistaken. To satisfy the exhaustion requirement, a habeas petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995). This is precisely what petitioner did in the present case. He pointedly raised in both the state Court of Appeals and Supreme Court the claims asserted in his post-judgment motion for reconsideration and to amend, by requesting a remand to the trial court for further consideration of these claims. The exhaustion requirement does not demand anything more. By denying leave to appeal, both the state Court of Appeals and Supreme Court

rejected all of the grounds raised in the trial court, including those claims asserted in petitioner's post-judgment motions.[1] Consequently, petitioner has not presented a mixed petition, and there is no occasion for the court to exercise its discretion under the *Rhines* procedure to authorize a return to the state courts on unexhausted claims.

A second and independent reason exists for denial of petitioner's motion for stay and abeyance. Even if petitioner had failed to exhaust one or more claims in the state courts, the habeas corpus rules require respondent to raise this affirmative defense in its answer. Rule 5(b), RULES GOVERNING SECTION 2254 CASES IN THE DISTRICT COURTS. In the present case, respondent did not raise the exhaustion defense in its answer. The mere failure to raise the defense in its answer does not automatically constitute a waiver, by reason of 28 U.S.C. § 2254(b)(3). *See D'Ambrosio v. Bagley*, 527 F.3d 489, 497 (6th Cir. 2008). Nevertheless, respondent in this case has not argued that the court should dismiss the petition for lack of exhaustion. Rather, the answer asserts that those claims raised for the first time in post-conviction proceedings are procedurally defaulted. The stay-and-abeyance procedure is designed to prevent forfeiture of possibly meritorious claims on non-exhaustion grounds. *See Rhines*, 544 U.S. at 275. In the present case, petitioner does not face any such forfeiture, as neither respondent nor the court have concluded that petitioner has run afoul of the exhaustion requirement. In these circumstances, a two-year-long stay of proceedings to allow further litigation in the state courts would be an unnecessary and wasteful effort.

---

[1] It is quite likely that the claims in petitioner's motion to amend, asserted for the first time after entry of judgment, were not properly before the circuit court and ran afoul of Michigan's rule against successive motions for collateral relief. MICH. CT. R. 6.502(G). It is not necessary to reach that issue now. There is no question, however, that petitioner properly raised these claims at each level of *appellate* review.

B. **Motion for Evidentiary Hearing**

Petitioner has moved for an evidentiary hearing on his claim of actual innocence, as raised in the Wayne County Circuit Court on motion for reconsideration and to amend. Petitioner recognizes that his claim of actual innocence is not, standing alone, a ground for habeas corpus relief, but could act as a "gateway" allowing the court to consider otherwise procedurally defaulted claims. *See Schlup v. Delo*, 513 U.S. 298, 315 (1995). Because his claims of actual innocence were not the subject of a state-court evidentiary hearing, he requests an evidentiary hearing in this court.

Generally, habeas corpus actions are determined on the basis of the record made in the state court. *See* Rule 8, RULES GOVERNING § 2254 CASES IN THE UNITED STATES DISTRICT COURTS; *see also Holland v. Jackson*, 542 U.S. 649, 653 (2004). An evidentiary hearing in the district court is not mandatory unless one of the circumstances listed in 28 U.S.C. § 2254(e)(2) is present. *See White v. Mitchell*, 431 F.3d 517, 532-33 (6th Cir. 2006); *Abdus-Samad v. Bell*, 420 F.3d 614, 626 (6th Cir. 2005); *McAdo v. Elo*, 365 F.3d 487, 500 (6th Cir.), *cert. denied*, 543 U.S. 892 (2004). When this court conducts a plenary review of the state record, it will determine whether petitioner is entitled to a hearing under section 2254(e)(2). *See Williams v. Taylor*, 529 U.S. 420 (2000). If so, the matter will be set for hearing, without the necessity for another request by petitioner.

By making his present motion for an evidentiary hearing, petitioner has properly preserved the issue in this court. Therefore, the present motion will be denied without prejudice, pending the court's plenary review of the record in this case.

C.  **Motion for Free Copies of Unreported Cases**

Finally, petitioner has filed a motion asking the court to give him access to electronic databases, so that he can read unpublished cases cited by respondent or the court or published cases not available in the prison law library.

This court lacks both the authority and the appropriated funds to provide *pro se* litigants with free access to on-line legal materials. Furthermore, petitioner's concern in this case is completely hypothetical, as neither this court nor respondent has cited any unpublished decision. The court has reviewed respondent's answer (docket # 7). The only unpublished decision cited by respondent is the decision in petitioner's own case, *People v. Jeffrey Cato*, in the Michigan Court of Appeals. Presumably, petitioner has a copy of the decision in his own appellate case. Beyond that, respondent has not cited any unpublished materials. Furthermore, by force of the Federal Rules, respondent would be required to attach to any brief a copy of an unpublished appellate decision for petitioner's reference. *See* FED. R. APP. P. 32.1(b). The court is aware of the opinion of the Second Circuit in *Labron v. Sanders*, 557 F.3d 76 (2d Cir. 2009), in which that court directed its clerk's office to provide a *pro se* petitioner with copies of certain unpublished cases. The *Labron* court certainly did not enunciate any rule of law in this context, but merely expressed concern that petitioner did not have reasonable access to unpublished opinions forming the basis for the district court's challenged decision. These concerns do not apply in the present case. *Labron* is not authority for the issuance of a blanket, prospective order as requested by petitioner.

For the foregoing reasons, all pending procedural motions filed by petitioner will be denied.


Dated: November 12, 2009         /s/  Joseph G. Scoville
                                 United States Magistrate Judge