UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

JEFFREY CATO,)
)
Petitioner,) Case No. 1:08-cv-1146
)
v.) Honorable Paul L. Maloney
)
JOHN PRELESNIK,)
) **MEMORANDUM OPINION**
Respondent.)
)

This is a habeas corpus proceeding brought by a state prisoner pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2002 Wayne County Circuit Court conviction for second-degree murder, assault with intent to commit armed robbery, possession of a firearm during commission of a felony, and possession of a firearm by a convicted felon. The *pro se* habeas corpus petition raises ten claims. Respondent's answer asserts the defense of procedural default to petitioner's third through ninth claims, arising from petitioner's failure to raise those claims on direct review.

Presently pending before the court is petitioner's motion for leave to amend his petition to add a claim of actual innocence. Petitioner recognizes that actual innocence, standing alone, is not the basis for habeas corpus relief, but that a showing of actual innocence will excuse a procedural default, so that a petitioner may have his otherwise defaulted constitutional claims considered on their merits. *See Schlup v. Delo*, 513 U.S. 298, 314-15 (1995). Petitioner further asks for a stay of proceedings to allow him to present his claim of actual innocence to the state courts and

then return to this court for an adjudication of all claims, under the procedure sanctioned in *Rhines v. Weber*, 544 U.S. 269, 277 (2005).

Respondent objects to both aspects of petitioner's motion. First, respondent asserts that petitioner should not be allowed to amend his petition, because amendment would be futile. With regard to the request for stay and abatement of this proceeding to allow exhaustion of state remedies, respondent asserts that no stay is necessary, because petitioner has indeed exhausted his actual innocence claim in post-judgment proceedings in the state courts.

Upon review of the record, I conclude that petitioner should be allowed to raise his actual innocence defense in an amended petition. I further conclude that no stay and abatement of this proceeding is warranted, because respondent has elected not to assert the affirmative defense of failure to exhaust state remedies.

## Discussion

**A.     Amendment**

An application for a writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. Rule 15 of the Federal Rules of Civil Procedure governs amendment of pleadings. Under Rule 15, after an answer has been filed, a party may amend only with the opposing party's written consent or leave of court. FED. R. CIV. P. 15(a)(2). The rule provides that the court should "freely give leave when justice so requires." *Id.* Leave to amend in a habeas case should be granted in the absence of a good reason to the contrary, such as undue delay in filing, lack of notice to the opposing party, bad faith, or futility. *See Coe v. Bell*, 161 F.3d 320, 341-42 (6th Cir. 1998); *accord Wiedbrauk v. Lavigne*, 174

F. App'x 993, 1001-02 (6th Cir. 2006). Leave to amend habeas petitions may also be denied on grounds of futility.

In the Sixth Circuit, leave to amend a pleading may be denied on grounds of futility only if the amended pleading would not withstand a motion to dismiss. *See Demings v. Nationwide Life Ins. Co.*, No. 08-4476, ___ F.3d ___, 2010 WL 364335, at * 2 (6th Cir. Feb. 3, 2010); *Kottmyer v. Maas*, 436 F.3d 684, 691-92 (6th Cir. 2006). The test, therefore, is whether the amended pleading, with all factual allegations accepted as true, states a claim for relief, not whether the claim is factually supportable or would be sufficient to withstand a motion for summary judgment. *See Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420-21 (6th Cir. 2000). Respondent's objection to petitioner's motion to amend goes well beyond challenging the facial validity of petitioner's actual innocence claim. Rather, respondent analyzes the affidavits tendered in support of the actual innocence claim, arguing that petitioner's factual presentation is insufficient to meet the high standard for actual innocence established by the Supreme Court in *Schlup v. Delo*, 513 U.S. at 329 (to show actual innocence, petitioner must establish that, in light of the new evidence presented, no reasonable juror would have voted to find him guilty beyond a reasonable doubt). Although this is the correct standard for adjudicating the gateway claim of actual innocence, it is not the standard to be applied on reviewing a motion to amend. In short, respondent's attack on the merits of petitioner's actual innocence claim may be meritorious, but it is premature. Petitioner has met the rather low standard for amendment of pleadings under Rule 15(a). The motion to amend will be granted, allowing petitioner to add an actual innocence claim, not as a freestanding claim for habeas relief, but as a reason to overcome the asserted affirmative defense of procedural default.

B.     **Stay and Abatement**

Grounds to do not exist, however, for staying this matter for purposes of allowing petitioner to present his actual innocence claim to the state courts. The stay and abatement procedure sanctioned by the Supreme Court may be implemented in the district court for the limited purpose of allowing a petitioner to present unexhausted claims to the state courts. *See Rhines*, 544 U.S. at 277. In the present case, no reason exists to delay this habeas corpus matter for that purpose, as respondent concedes that petitioner has exhausted his actual innocence claim in the state courts. Respondent's answer to the motion (docket # 37, at 6) acknowledges that petitioner presented his claim to the state circuit court, Court of Appeals, and Supreme Court. The exhaustion doctrine requires no more. "Respondent concedes that Petitioner's claim of actual innocence appears to have been exhausted in the state courts, and, therefore, a stay of the habeas proceedings to allow petitioner to return to the state courts is unwarranted." *Id.* at 8. This unequivocal statement is sufficient to support a finding that the state has waived the affirmative defense of exhaustion on petitioner's claim of actual innocence as a gateway to excuse his procedural defaults. *See D'Ambrosio v. Bagley*, 527 F.3d 489, 497 (6th Cir. 2008). Respondent is therefore correct in arguing that a stay and abatement in this case would be unwarranted.

## Conclusion

Petitioner's motion to amend will be granted, but his request for a stay and abatement of this action for purposes of returning to state court will be denied.

Dated:   February 22, 2010                         /s/ Joseph G. Scoville
                                                  United States Magistrate Judge