UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| JEFFREY CATO, | ) |
|       Petitioner, | )  Case No. 1:08-cv-1146 |
| v. | )  Honorable Paul L. Maloney |
| JOHN PRELESNIK, | ) |
|       Respondent. | )  **REPORT AND RECOMMENDATION** |

This is a habeas corpus proceeding brought by a state prisoner pursuant to 28 U.S.C. § 2254. Petitioner is serving sentences imposed on October 9, 2002, in the Wayne County Circuit Court, after a jury convicted him of second-degree murder, two counts of assault with intent to commit armed robbery, possession of a firearm during the commission of a felony, and possession of a firearm by a convicted felon. The original, *pro se* petition raises ten grounds for relief, all arising from alleged errors at trial or sentencing. By memorandum opinion and order entered February 22, 2010, this court granted petitioner leave to amend to add a "gateway" claim of actual innocence, as a response to the State's assertion of procedural default regarding petitioner's claims three through nine. Petitioner has now moved to "supplement" his petition in order to assert yet another claim. (docket # 45). The motion to supplement, which is in reality a motion to amend the petition, seeks to assert a due-process claim arising from the alleged insufficiency of the evidence to support the guilty verdict on two counts of assault with intent to rob while armed. For the reasons

set forth below, I conclude that the claim of insufficiency of evidence is barred by the statute of limitations. I therefore recommend that leave to amend be denied.

**Discussion**

The timeliness of habeas corpus petitions in the federal courts is governed by the one-year limitations period established by the Antiterrorism and Effective Death Penalty Act (AEDPA). For most cases, the one-year limitations period begins to run on the date on which a criminal judgment became "final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). According to the state-court records now on file with this court, the Michigan Court of Appeals affirmed the conviction by opinion issued June 3, 2004, remanding the matter only for the limited purpose of correcting the presentence investigation report. (*See* Michigan Court of Appeals Record, case no. 246619, docket # 22). In July 2004, petitioner's counsel filed an application for leave to appeal in the Michigan Supreme Court, raising only a sentencing issue. The Supreme Court denied leave to appeal by order entered January 27, 2005. (*See* Michigan Supreme Court Record, case no. 126666, docket # 23). In April 2005, petitioner filed a *pro se* motion for relief from judgment in the Wayne County Circuit Court, raising eight further issues. The circuit court denied relief by opinion and order entered June 1, 2006. The Michigan Court of Appeals denied a delayed application for leave to appeal by order entered December 14, 2007. (*See* Michigan Court of Appeals Record, case no. 278290, docket # 24). On June 23, 2008, the Michigan Supreme Court denied discretionary review. (*See* Michigan Supreme Court Record, case no. 135750, docket # 25).

Application of the one-year statute of limitations under AEDPA, as construed by the Supreme Court and the Sixth Circuit Court of Appeals, discloses that the statute expired on June 23, 2009. This time is calculated as follows. The statutory period began to run on the date on which the criminal judgment became final on direct review. 28 U.S.C. § 2244(d)(1)(A). Direct review ended on January 27, 2005, when the Michigan Supreme Court denied leave to appeal in case no. 126666. The 90-day period within which petitioner could have sought *certiorari* in the Supreme Court must be added to this time. *See Lawrence v. Florida*, 549 U.S. 327, 333 (2007); *Clay v. United States*, 537 U.S. 522, 527-28 (2003); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). This 90-day period extended the conclusion of direct review to April 27, 2005. On April 25, 2005, however, petitioner filed his post-judgment motion in the Wayne County Circuit Court. The AEDPA statute of limitations is tolled by the filing of an application for State post-conviction or other collateral review. 28 U.S.C. § 2244(d)(2). Consequently, the statute remained tolled during the entire pendency of state post-conviction proceedings, which ended on June 23, 2008, when the Michigan Supreme Court denied discretionary review in case no. 135750. The one-year limitations period expired one year later, on June 23, 2009. Petitioner filed the present motion to amend his petition in September 2011, over two years later.

A motion to amend a habeas petition "will be denied where it is filed after [the AEDPA limitations] period expires unless the proposed amendment relates back to the date of the original pleading within the meaning of Rule 15(c)(2)." *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008). Rule 15(c) provides that an amendment relates back to the date of the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out -- or attempted to be set out -- in the original pleading." FED. R. CIV. P.

15(c)(1)(B). With respect to the amendment of a section 2254 petition, the United States Supreme Court has rejected the argument that the "conduct, transaction, or occurrence" should be defined to include any pretrial, trial, or post-trial error that arises from the conviction under attack in the original petition. *Mayle v. Felix*, 545 U.S. 644, 661 (2005). Relation back is permitted "only when the claims added by amendment arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in 'both time and type' from the originally raised episodes." 545 U.S. at 657. After noting that AEDPA provides a one-year statute of limitations for filing habeas petitions, the *Mayle* Court observed, "If claims asserted after the one-year period could be revived simply because they relate to the same trial, conviction or sentence as a timely filed claim, AEDPA's limitation period would have slim significance." *Id.* at 662. Thus, "[a]n amended habeas petition, we hold, does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Id.* at 650.

        Petitioner's proposed new claim -- an attack on the sufficiency of the evidence to support his convictions for assault with intent to rob while armed -- does not relate back to the original petition under this rule. The proposed new claim is governed by the standard of *Jackson v. Virginia*, 443 U.S. 307 (1979), which asks whether any reasonable jury could have convicted petitioner on the basis of the evidence presented at trial, viewing the evidence in a light most favorable to the prosecution. Petitioner admittedly did not raise a challenge to the sufficiency of the evidence with regard to any of the counts of conviction, either on direct review or in his *pro se* post-conviction motion. Apparently aware of the requirement of the *Mayle* case, petitioner argues that his *Jackson v. Virginia* challenge is somehow related to his "gateway" claim of actual innocence,

which the court allowed him to assert by previous order. Petitioner's argument is insubstantial. The Supreme Court has repeatedly explained that the gateway actual-innocence standard is "by no means equivalent" to the standard of *Jackson v. Virginia*. *See Schlup v. Delo*, 513 U.S. 298, 330 (1995); *accord House v. Bell*, 547 U.S. 518, 538-39 (2006). A challenge to the sufficiency of the evidence focuses only on the evidence that the jury had before it, while an actual-innocence claim relies on new evidence which, had it been presented to the jury, would probably have raised a reasonable doubt in the mind of any rational juror. *See House*, 547 U.S. at 537-39. The two inquiries could not be more dissimilar. Relation back is permitted only when the claims added by amendment arise from the same "core facts" as the timely filed claims, but not when the new claims depend on events separate both in time and in type from the originally raised episodes. *Mayle*, 545 U.S. at 657. As an actual-innocence claim arises from facts never presented to the jury, by definition such a claim does not arise from the same conduct, transaction, or occurrence as a challenge to the sufficiency of the evidence.

      Under the clear holding of the Supreme Court in *Mayle*, petitioner's proposed challenge to the sufficiency of the evidence is time-barred, because it does not relate back to any of the claims in the original petition or the amended petition.

**Recommended Disposition**

For the foregoing reasons, I recommend that petitioner's motion for leave to supplement his petition (docket # 45), construed as a motion to amend under Fed. R. Civ. P. 15(a), be denied because his proposed due-process claim is barred by the statute of limitations.


Dated:  September 21, 2011           /s/  Joseph G. Scoville
                                     United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely and specific objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).  General objections do not suffice.  *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).