UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JEFFREY CATO #376095,<br>    Petitioner,<br><br>-v-<br><br>JOHN PRELESNIK,<br>    Respondent.<br>_____ | )<br>)<br>)   No. 1:08-cv-1146<br>)<br>)   HONORABLE PAUL L. MALONEY<br>)<br>)<br>)<br>) |

## ORDER ADOPTING REPORT AND RECOMMENDATION OVER OBJECTIONS

On December 5, 2008, state prisoner Jeffrey Cato filed a habeas corpus petition in this court pursuant to 28 U.S.C. § 2254. On the court's review of the petition, Magistrate Judge Scoville issued a Report and Recommendation (ECF No. 53) that Mr. Cato's petition be denied. Before the court today are Cato's timely objections to the Report and Recommendation. (ECF No. 57.)

### STANDARD OF REVIEW

Parties have 14 days to file written objections to the proposed findings and recommendations in a magistrate judge's report and recommendation ("R&R"). 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews *de novo* the portions of the R&R to which objections have been filed, and may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only specific objections are entitled to *de novo* review under the statute, *see Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam), and the statute does not "positively require[] some lesser review by the district court when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to object to an issue waives that issue, along with the party's right to appeal that issue. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see Arn*, 474 U.S. at 155 (upholding the Sixth Circuit's practice).

### DISCUSSION

**A.    Grounds I and V: Invalid Waiver of *Miranda* Rights**

Cato raises three objections to the magistrate judge's handling of these issues. First, he objects to the

statement that this was the "sole issue" presented on direct appeal, claiming that he actually presented two issues on direct appeal. Cato concludes that part of the record has not been filed or reviewed by the court, and he argues that this mandates further review.

As Cato notes, the Sixth Circuit has held that "a District Court must make a review of the entire state court trial transcript in habeas cases, and where substantial portions of that transcript were omitted before the District Court, a habeas case should be remanded to the District Court for consideration in light of the full record." *Adams v. Holland*, 330 F.3d 398, 406 (6th Cir. 2003). Cato, however, has not shown that the magistrate judge failed to review any part of the record below, let alone that any portion not reviewed was "substantial." His objection merely states his belief that some portion of the record is missing, but he fails to even suggest what portion that might be. Given that Cato himself filed the Michigan Court of Appeals's decision and his application for leave to appeal to the Michigan Supreme Court, it appears that all relevant portions of the record were before the magistrate judge. Further, in his detailed discussion of the factual background, the magistrate judge clearly stated that Cato had raised two issues on direct appeal. (ECF No. 53, at 11–12.) His omission of one ground from the statement in this part of his discussion appears to be merely an oversight, rather than evidence that he failed to review the record. In any case, Cato does not claim that the supposedly missing material is relevant in any way to his *Miranda* argument, distinguishing this case from *Adams*. Because Cato has not shown that a "substantial portion[]" of the record was missing from the magistrate judge's review, *Adams*, 330 F.3d at 406, this objection is OVERRULED.

Next, Cato objects to the magistrate judge's statement that "even if the court erred in analyzing the claim under *Edwards*, Petitioner would not be entitled to habeas relief because the error would have been rendered harmless by the intervening change in Supreme Court precedent." Cato argues that the magistrate judge's citation here to *Desai v. Booker*, 538 F.3d 424, 428 (6th Cir. 2008), is inapposite because that case was decided well after his conviction became final. This argument misunderstands the magistrate judge's citation to *Desai*.

That case supports the proposition that an intervening change in Supreme Court precedent can render a state court's error harmless and doom a petitioner's claim for habeas relief. It was not cited as evidence of the changed law itself, as Cato presumes. Further, the magistrate judge's statement is either *dicta* or, at most, an alternative holding, and would not change the R&R's conclusion. The magistrate judge expressly denied Cato's claim on the merits, under *Edwards*, as Cato claims it must: "[T]he finding of the court of appeals that the trial court had rejected Petitioner's *Edwards* claim was entirely reasonable." (ECF No. 53, at 22.) Therefore, this objection is OVERRULED.

Finally, Cato objects to the magistrate's finding that he "ma[de] no attempt to overcome the presumption that Petitioner validly waived his rights on January 26, 2002," arguing that he did argue against waiver on direct appeal. Cato mischaracterizes the R&R, however, omitting the magistrate judge's preliminary caveat clearly recognizing Cato's reliance on his appellate arguments: "Beyond reiterating his trial-court arguments that he had never been interrogated before and that Simon had coerced his statement by leading him to believe he could go home . . . ." Thus considered, it is clear that there is no merit to Cato's objection. It is OVERRULED.

**B.     Ground II: *Blakely* Claim**

Regarding his *Blakely* claim, Cato fails to object to any specific portion of the magistrate judge's R&R. Instead, he argues generally against the magistrate judge's conclusion, based on the same grounds rejected in the R&R—that his sentence was enhanced by judge-found facts. This objection is too general. An objection that fails to explain and cite the problematic portions of the R&R is not sufficiently specific to merit consideration. *See Neuman v. Rivers*, 125 F.3d 315, 322–23 (6th Cir. 1997); *Howard*, 932 F.2d at 508–09. In any case, the magistrate judge specifically addressed and convincingly rejected Cato's argument. Cato's objection, simply raising the same arguments that have already been rejected, without explaining why the magistrate judge's analysis was incorrect, fails to persuade the court. This objection is therefore OVERRULED.

### C. Ground III: Suggestive Identification

Cato objects to the magistrate judge's handling of this issue on two grounds. First, he objects to the statement that "Respondent argues that Petitioner's remaining claims are procedurally defaulted, because they were not presented to the state courts on direct appeal." Cato argues that his evidence of actual innocence excuses any procedural default, and he complains that the magistrate judge did not address that evidence.

This objection fails. The magistrate judge expressly declined to reject Cato's claims on procedural-default grounds, instead rejecting them on the merits. Cato's actual-innocence claim is therefore irrelevant, as the magistrate judge found: "[A] claim of actual innocence may only be raised 'to avoid a procedural bar to the consideration of the merits of [the petitioner's] constitutional claims.' . . . As a consequence, Petitioner's gateway claim of actual innocence is both unnecessary and unavailing." (ECF No. 53, at 38–39 (citation omitted; alteration in original).) This objection is therefore OVERRULED.

Next, Cato objects to the magistrate judge's finding that he was not entitled to a hearing regarding the allegedly suggestive eyewitness identification. Again, Cato fails to engage with the magistrate judge's reasoning in rejecting this claim. As the magistrate judge found, this circuit's *Thigpen* ruling was expressly abrogated by the Supreme Court in *Perry v. New Hampshire*, ___ U.S. ___, 132 S. Ct. 716 (2012). Therefore, that precedent would not apply to Cato in a new trial, and he is not entitled to relief on that claim. *See Desai v. Booker*, 538 F.3d 424, at 428–30 (6th Cir. 2008).

### D. Ground IV: Prosecutorial Misconduct

Cato objects generally to the magistrate judge's conclusion that the prosecutor did not act unconstitutionally when he asked a witness whether his plea agreement required him to testify "[t]ruthfully and honestly." The magistrate judge's analysis on this point is sound, however, and this objection is OVERRULED.

### E. Ground VI: Equal Protection

Here, Cato objects to the magistrate judge's finding that the prosecutor did not violate the Equal

4

Protection Clause by offering one defendant a plea agreement. This objection fails for the reasons discussed by the magistrate judge. It is OVERRULED.

### F.     Ground VII: Confrontation Clause

Cato objects to the magistrate judge's rejection of his Confrontation-Clause argument. Cato claims that the Supreme Court's decision in *Melendez-Diaz v. Massachusetts*, 557 U.S. 305 (2009), entitles him to relief here. But as the magistrate judge noted, *Melendez-Diaz* was not decided until 2009, well after Cato's conviction became final. Cato fails to rebut the magistrate judge's conclusion that when his conviction became final in 2005, no clearly established Supreme Court precedent established the right he seeks to vindicate. Cato cites to *Crawford v. Washington*, but though it was decided in 2004, *Crawford* did not clearly establish that autopsy results are testimonial in nature. Indeed, as the magistrate judge notes, even under *Melendez-Diaz* this conclusion is uncertain. (ECF No. 53, at 31 n.3 (discussing *Vega v. Walsh*, 669 F.3d 123, 128 n.2 (2d Cir. 2012).) This objection is therefore OVERRULED.

### G.     Grounds VIII and X: Ineffective Assistance of Counsel

Cato raises several objections to the magistrate judge's handling of his ineffective-assistance claims. First, he objects to the magistrate judge's conclusions that his counsel's performance was neither unreasonable nor prejudicial. Cato fails to point out any way in which his counsel's performance was in fact unreasonable, however. Further, as Cato admits, "it is very difficult for a court to assess the effect an error has on the judgment." The burden to prove prejudice, however, is on Cato. The magistrate judge properly found that he has not met that burden. This objection is OVERRULED.

Next, Cato argues that the trial court unreasonably rejected his ineffective-assistance arguments (and thus that the magistrate judge erred in finding otherwise). The magistrate judge's analysis on this point is sound, however. The state court's decision was entirely reasonable based on the record before it. This objection is OVERRULED.

Third, Cato objects to the magistrate judge's finding that Cato's counsel acted not unreasonably in failing to object to certain unidentified statements in the prosecutor's closing argument. Cato fails to state why the magistrate judge was wrong, however, particularly given his admission that "counsel's failure to make a frivolous or meritless motion or objection does not constitute ineffective assistance of counsel." This objection is OVERRULED.

Next, Cato objects to the magistrate judge's citation to unpublished opinions. This is not an objection to the magistrate judge's reasoning, however, and Cato does not claim that the unavailability of legal materials violates his constitutional right of access to the courts. *See, e.g.*, *Bounds v. Smith*, 430 U.S. 817 (1977). In any case, the offending decisions are both found in string citations, and neither is the main case cited for the relevant point of law. Without first distinguishing or rebutting the other cases cited for these points, Cato cannot claim to have been harmed by the presence of unpublished cases in the magistrate judge's R&R. This objection is OVERRULED.

Cato's fifth ground objects to the magistrate judge's finding that even if some portion of medical examiner Hlavaty's testimony was hearsay, its admission was not prejudicial because Cato did not dispute Dr. Hlavaty's conclusion that the victim was killed by a single bullet. Cato argues that because he was "prosecuted for being the principal offender" in a single-shot murder, the state's case is somehow based on inconsistent theories. This court sees no inconsistency, however. Cato was prosecuted for his part in the killing. This does not require that he fire the fatal shot. Because Cato does not dispute the substance of Dr. Hlavaty's testimony, the court sees no prejudice that occurred by its admission. This objection is OVERRULED.

Finally, Cato objects that the magistrate failed to rule on his claim that trial counsel failed to call Catherine Cato as an alibi witness. There is a good reason for that failure: Cato did not make this argument in his habeas motion. The magistrate judge is not required to address claims that Cato does not raise here. This objection is OVERRULED.

### H. Ground IX: Actual Innocence

Cato again objects to the magistrate judge's handling of his actual-innocence claim. As the magistrate judge correctly stated, actual innocence is not a separate ground for habeas relief, but a basis for reaching claims that would otherwise be procedurally barred. Because the magistrate judge addressed each of Cato's constitutional claims on the merits, there was no need to reach the question of actual innocence. This objection is therefore OVERRULED.

### CERTIFICATE OF APPEALABILITY

Under Rule 11 of the Rules Governing Section 2254 Cases, a court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003). To satisfy this standard, the petitioner must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Id.* (quoting *Slack v. McDaniel*, 529 U.S. 473, 483 (2000)). Courts should undertake an individualized determination of each claim presented by the petitioner when considering whether to issue a certificate of appealability. *Murphy v. Ohio*, 551 F.3d 485, 492 (6th Cir. 2009).

Having reviewed Petitioner's claims, the court declines to issue a certificate of appealability. Reasonable jurists would agree that Mr. Cato's petition fails for the reasons stated in the magistrate judge's Report and Recommendation.

## ORDER

For the reasons discussed above, **IT IS HEREBY ORDERED** that the report and recommendation (ECF No. 53) is **ADOPTED**, over objections, as the opinion of this court.  Plaintiff Cato's petition for habeas corpus under 28 U.S.C. § 2254 is **DENIED**.  A certificate of appealability is **DENIED**.

**IT IS SO ORDERED.**


Date:  July 18, 2012   /s/ Paul L. Maloney
Paul L. Maloney
Chief United States District Judge